**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No.:

ESPERANZA BENCOSNE,

                         Plaintiff,                       **COMPLAINT**

           - against -                      **PLAINTIFF DEMANDS**
                                                  **A TRIAL BY JURY**

BEAUTIFUL PARADISE RESTAURANT CORP,
MARIBELLA PARADISE RESTAURANT CORP.,
JUAN A. GUERRA MARTINEZ, *Individually*, and
VICTOR PEGUERO SOLANO, *Individually*,

                                        Defendants.
------------------------------------------------------------------------X

Plaintiff, ESPERANZA BENCOSNE, by and through her attorneys, the LAW OFFICE OF YURIY MOSHES, P.C., hereby complains of Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")*,* the New York State Labor Law, Articles 6 & 19 ("NYLL"), and the N.Y. Codes Rules and Regulations Title 12 §§142-2.2 and 142-2.4 ("NYCRR") for failure to pay minimum wage and overtime wages due and owed for hours worked in excess of forty (40) hours per workweek and spread-of-hours compensation for hours worked in excess of 10 hours per day.  As a result of Defendants' violation of the FLSA, NYLL, and NYCRR, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

2. Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195, *et seq.,* and seeks to redress the damages she has suffered as a result of Defendants' failure to give her written notice of wage rates and paystubs, including, inter alia, her rate of

pay.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6.    That at all times relevant hereto, Plaintiff ESPERANZA BENCOSNE ("BENCOSNE") was a resident of the State of New York and the County of Bronx.

7.    That at all times relevant hereto, Defendant BEAUTIFUL PARADISE RESTAURANT CORP ("BEAUTIFUL PARADISE") was a domestic business corporation, duly existing pursuant to, and my virtue of the law of the State of New York, with its principal place of business located at 2362 Jerome Avenue, Bronx, NY 10468.

8.    That at all times relevant hereto, MARIBELLA PARADISE RESTAURANT CORP. ("MARIBELLA PARADISE") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the state of New York, with its principal of business located at 1460 Macombs Rd., Bronx, NY 10452.

9.    That at all times relevant hereto, upon information and belief, Defendant BEAUTIFUL PARADISE and Defendant MARIBELLA PARADISE are joint and integrated employers, as they have common management, share financial control of both companies, share centralized control of labor relations, and share employees.

10. That at all times relevant hereto, Defendant JUAN A. GUERRA MARTINEZ ("MARTINEZ") is the Owner and Chief Executive Officer of Corporate Defendant BEAUTIFUL PARADISE and has, at all relevant times had and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiff.

11. That at all times relevant hereto, Defendant VICTOR PEGUERO SOLANO ("SOLANO") is the Owner and Chief Executive Officer of Corporate Defendant MARIBELLA PARADISE, and has, at all relevant times had and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiff.

12. Defendants BEAUTIFUL PARADISE, MARIBELLA PARADISE, MARTINEZ, and SOLANO are herein collectively referred to as "Defendants."

13. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work.  As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

14. Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

15. Further, upon information and belief, during Plaintiff BENCOSNE's employment with Defendant, Plaintiff BENCOSNE routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## MATERIAL FACTS

16.     On or about December 20, 2017, Plaintiff BENCOSNE began working for Defendants at BEAUTIFUL PARADISE as a cook.

17.     Throughout Plaintiff BENCOSNE's employment, she was a satisfactory employee and was never disciplined.

18.     At all times relevant hereto, the work performed by Plaintiff BENCOSNE required no capital investment.

19.     At all times relevant hereto, Plaintiff BENCOSNE did not have any supervisory or managerial responsibilities.

20.     At all times relevant hereto, Plaintiff BENCOSNE was paid by Miguel Ramos ("RAMOS") and/or Maribel Jimenez ("JIMENEZ").

21.     At all times relevant hereto, RAMOS was Plaintiff BENCOSNE's supervisor and determined her schedule.

22.     At all times relevant hereto, JIMENEZ was also Plaintiff BENCOSNE's supervisor and determined her schedule.

23.     Insofar as relevant, from on or about December 31, 2016, the New York State minimum wage for employers with ten (10) or less employees in New York City was $10.50 per hour. From December 31, 2017, the New York State minimum wage for employers with ten (10) or less employees in New York City was $12.00 per hour. From on or about December 31, 2018, the New York State minimum wage for employers with ten (10) or less employees in New York City was $13.50 per hour. From December 31, 2019, the New York State minimum wage for employers with ten (10) or less employees in New York City was $15.00 per hour.

24.     From on or about December 20, 2017 to December 31, 2017 ("the 2017 period"), Plaintiff

BENCOSNE worked for Defendants six (6) days a week from 3:00 AM to 1:00 PM. Accordingly, Plaintiff BENCOSNE worked sixty (60) hours per week during the 2017 period.

25. However, during the 2017 period, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the twenty (20) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work sixty (60) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

26. During the 2017 period, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $10.50 and twenty (20) hours at her overtime hourly rate of $15.75 for a total of ($735.00), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Seventy Dollars ($370.00) for each week.

27. During the 2017 period, Plaintiff worked approximately two (2) weeks.

28. Thus, during the 2017 period, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Three Hundred Sixty Five Dollars ($365.00) in wages each week, for the total of **$730.00** ($365.00 x 2 weeks).

29. Plaintiff worked from January 1, 2018 to September 13, 2018 ("2018 Period").

30. Upon information and belief, during the 2018 period, Defendants required Plaintiff BENCOSNE to work at BEAUTIFUL PARADISE and MARBELLA PARADISE.

31. From on or about January 1, 2018 to March 10, 2018 (10 weeks), Plaintiff BENCOSNE worked for Defendants six (6) days a week from 3:00 AM to 1:00 PM. Accordingly, Plaintiff

BENCOSNE worked sixty (60) hours per week.

32.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage
        rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE
        was a non-exempt employee, she should have been paid time-and-a-half her regular hourly
        rate for the twenty (20) hours of overtime that she worked each week. However, although
        Defendants required Plaintiff BENCOSNE to work sixty (60) hours each week, Defendants
        failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular
        hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation
        of the FLSA and the NYLL.

33.     From January 1, 2018 to March 10, 2018, at the end of each work week, rather than paying
        Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and
        twenty (20) hours at her overtime hourly rate of $18 for a total of ($840), Defendants instead
        paid Plaintiff BENSCOSNE Three Hundred Sixty Dollars ($360.00).

34.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE
        approximately Four Hundred Eighty Dollars ($480.00) in wages each week, for the total of
        **$4800.00** ($480.00 x 10 weeks).

35.     From March 11, 2018 to March 30, 2018, the restaurant was closed for some period of time
        and reopened on March 31, 2018.

36.     From March 31, 2018 to May 25, 2018 (8 weeks), Plaintiff BENCOSNE worked for
        Defendants six (6) days a week from 3:00 AM to 2:00 PM. Accordingly, Plaintiff
        BENCOSNE worked sixty-six (66) hours per week and eleven (11) hours per day.

37.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage
        rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE

was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the twenty-six (26) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work sixty-six (66) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

38.     From March 31, 2018 to May 25, 2018, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and twenty-six (26) hours at her overtime hourly rate of $18 for a total of ($948.00), Defendants instead paid Plaintiff BENSCOSNE Five Hundred Eighty-Eight Dollars ($588.00).

39.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Three Hundred Sixty Dollars ($360.00) in wages each week, for the total of **$2,880.00** ($360.00 x 8 weeks).

40.     In addition, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Two Dollars each week for spread-of-hours compensation, for a total of **$576.00** ($12.00 x 6 days x 8 weeks).

41.     From May 26, 2018 to June 29, 2018 (5 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week from 3:00 AM to 2:00 PM. Specifically, Plaintiff worked six (6) days at BEAUTIFUL PARADISE and one (1) day at MARIBELLA PARADISE. Accordingly, Plaintiff BENCOSNE worked seventy-seven (77) hours per week and eleven (11) hours per day.

42.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE

was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirty-seven (37) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work seventy-seven (77) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

43.     From May 26, 2018 to June 29, 2018, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and thirty-seven (37) hours at her overtime hourly rate of $18 for a total of One Thousand One Hundred Forty-Six Dollars ($1146.00), Defendants instead paid Plaintiff BENSCOSNE Four Hundred Thirty Dollars ($430.00).

44.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Seven Hundred Sixteen Dollars ($716.00) in wages each week, for the total of **$3,580.00** ($716.00 x 5 weeks).

45.     In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Two Dollars each week for spread-of-hours compensation, for a total of **$420.00** ($12.00 x 7 days x 5 weeks).

46.     From July 7, 2018 to July 13, 2018 (1 week), Plaintiff BENCOSNE worked for Defendants seven (7) days from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE worked seventy-seven (77) hours and eleven (11) hours per day.

47.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly

rate for the thirty-seven (37) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work seventy-seven (77) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

48. From July 7, 2018 to July 13, 2018, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and thirty-seven (37) hours at her overtime hourly rate of $18 for a total of One Thousand One Hundred Forty-Six Dollars ($1146.00), Defendants instead paid Plaintiff BENSCOSNE Four Hundred Thirty Dollars ($430.00).

49. Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Seven Hundred Sixteen Dollars ($716.00) in wages each week, for the total of **$716.00** ($716.00 x 1 weeks).

50. In addition, Defendants violated the NYLL by denying Plaintiff approximately Eighty-Four Dollars each week for spread-of-hours compensation, for a total of **$84.00** ($12.00 x 7 days x 1 week).

51. From July 14, 2018 to July 20, 2018, Plaintiff BENCOSNE worked for Defendants (6) days.

52. Plaintiff worked five days at BEAUTIFUL PARADISE and one day at MARIBELLA PARADISE. Accordingly, Plaintiff BENCOSNE worked seventy-four (74) hours.

53. However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirty-four (34) hours of overtime that she worked each week. However, although

Defendants required Plaintiff BENCOSNE to work seventy-four (74) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

54.   From July 14, 2018 to July 20, 2018, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and thirty-four (34) hours at her overtime hourly rate of $18 for a total of One Thousand Ninety-Two Dollars ($1092.00), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Seventy Dollars ($370.00).

55.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Seven Hundred Twenty-Two Dollars ($722.00) in wages each week, for the total of **$722.00** ($722.00 x 1 weeks).

56.   In addition, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Two Dollars each week for spread-of-hours, for a total of **$72.00** ($12.00 x 6 days x 1 week).

57.   From July 21, 2018 to July 28, 2018 (1 week), Plaintiff BENCOSNE worked for Defendants seven (7) days from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE worked seventy-seven (77) hours eleven (11) hours per day.

58.   However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirty-seven (37) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work seventy-seven (77) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times

her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

59.     From July 21, 2018 to July 28, 2018, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and thirty-seven (37) hours at her overtime hourly rate of $18 for a total of One Thousand One Hundred Forty-Six Dollars ($1146.00), Defendants instead paid Plaintiff BENSCOSNE Four Hundred Thirty Dollars ($430.00).

60.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Seven Hundred Sixteen Dollars ($716.00) in wages each week, for the total of **$716.00** ($716.00 x 1 weeks).

61.     In addition, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Two Dollars each week for spread-of-hours, for a total of **$84.00** ($12.00 x 7 days x 1 week).

62.     From July 28, 2018 to August 3, 2018 (1 week), Plaintiff BENCOSNE worked for Defendants six (6) days. Specifically, she worked Saturday to Tuesday and Thursday to Friday from 3:00 AM to 2:00 PM. On Wednesday, Plaintiff worked from 3:00 AM to 6:00 PM. Accordingly, Plaintiff BENCOSNE worked sixty-nine (69) hours and more than ten (10) hours per day.

63.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the twenty-nine (29) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work sixty-nine (69) hours that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in

violation of the FLSA and the NYLL.

64.     From July 28, 2018 to August 3, 2018, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and twenty-nine (29) hours at her overtime hourly rate of $18 for a total of One Thousand and Two Dollars ($1002.00), Defendants instead paid Plaintiff BENSCOSNE Four Hundred Thirty Dollars ($430.00).

65.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Five Hundred Seventy-Two Dollars ($572.00) in wages each week, for the total of **$572.00** ($572.00 x 1 weeks).

66.     In addition, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Two Dollars each week for spread-of-hours, for a total of **$72.00** ($12.00 x 6 days x 1 week).

67.     From August 4, 2018 to September 6, 2018 (5 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE worked seventy-seven (77) hours per week and eleven (11) hours per day.

68.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirty-seven (37) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work seventy-seven (77) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

69.     From August 4, 2018 to September 6, 2018, at the end of each work week, rather than paying

Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and thirty-seven (37) hours at her overtime hourly rate of $18 for a total of One Thousand One Hundred Forty-Six Dollars ($1146.00), Defendants instead paid Plaintiff BENSCOSNE Four Hundred Thirty Dollars ($430.00).

70.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Seven Hundred Sixteen Dollars ($716.00) in wages each week, for the total of **$3,580.00** ($716.00 x 5 weeks).

71.   In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately Eighty-Four Dollars each week for spread-of-hours, for a total of **$420.00** ($12.00 x 7 days x 5 weeks).

72.   From September 8, 2018 to September 13, 2018, Plaintiff BENCOSNE worked for Defendants six (6) days from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE worked sixty-six (66) hours and eleven (11) hours per day.

73.   However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the twenty-six (26) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work sixty-six (66) hours each week, Defendants failed to compensate Plaintiff BENCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

74.   From September 8, 2018 to September 13, 2018, at the end of that week, rather than paying Plaintiff BENCOSNE for forty (40) hours at the minimum hourly wage rate of $12 and

twenty-six (26) hours at her overtime hourly rate of $18 for a total of ($948.00), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Seventy Dollars ($370.00).

75.    Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Five Hundred Seventy-Eight Dollars ($578.00) in wages each week, for the total of **$578.00** ($578.00 x 1 weeks).

76.    In addition, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Two Dollars each week for spread-of-hours, for a total of **$72.00** ($12.00 x 6 days x 1 week).

77.    During the 2018 period, Plaintiff worked approximately twenty-four (24) weeks.

78.    Thus, Plaintiff is owed approximately **$19,994.00** ($18,144.00 + $1,800.00) for the 2018 period.

79.    On or about September 13, 2018, Plaintiff Bencosne stopped working for Defendants.

80.    On or about September 20, 2019 through December 31, 2019 ("the 2019 period"), Plaintiff returned to work for Defendants.

81.    From on or about September 20, 2019 to September 24, 2019, Plaintiff BENCOSNE worked for Defendants five (5) days. Accordingly, Plaintiff BENCOSNE worked forty-two (42) hours.

82.    However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the two (2) hours of overtime that she worked that week. However, although Defendants required Plaintiff BENCOSNE to work forty-two (42) hours that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours that week, in

violation of the FLSA and the NYLL.

83.     From September 20, 2019 to September 24, 2019, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $13.50 and two (2) hours at her overtime hourly rate of $20.25 for a total of Five Hundred Eighty Dollars and Fifty Cents ($580.50), Defendants instead paid Plaintiff BENSCOSNE Two Hundred Eighty Dollars ($280.00).

84.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Three Hundred Dollars and Fifty Cents ($300.50) in wages that week, for the total of **$300.50** ($350.00 x 1 weeks).

85.     In addition, Defendants violated the NYLL by denying Plaintiff approximately Thirty-Six Dollars that week for spread-of-hours, for a total of **$36.00** ($12.00 x 3 days x 1 week).

86.     From September 20, 2019 to December 24, 2019, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $13.50 and two (2) hours at her overtime hourly rate of $20.25 for a total of Five Hundred Eighty Dollars and Fifty Cents ($580.50), Defendants instead paid Plaintiff BENSCOSNE Two Hundred Eighty Dollars ($280.00).

87.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Three Hundred Dollars and Fifty Cents ($300.50) in wages each week, for the total of **$300.50** ($350.00 x 1 weeks).

88.     In addition, Defendants violated the NYLL by denying Plaintiff approximately Forty Dollars and Fifty Cents that week for spread-of-hours, for a total of **$40.50** ($13.50 x 3 days x 1 week).

89.     From September 25, 2019 to December 24, 2019 (13 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week from 3:00 AM to 2:00 PM. Accordingly, Plaintiff

BENCOSNE worked seventy-seven (77) hours per week and 11 hours per day.

90.     However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirty-seven (37) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work thirty-seven (37) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

91.     From September 25, 2019 to December 24, 2019, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $13.50 and thirty-seven (37) hours at her overtime hourly rate of $22.50 for a total of One Thousand Two Hundred Eighty-Nine Dollars and Twenty-Five Cents ($1289.25), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Eighty Dollars ($380.00).

92.     Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Nine Hundred Nine Dollars and Twenty Five Cents ($909.25) in wages each week, for the total of **11,820.25** ($909.25 x 13 weeks).

93.     In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately One Thousand Two Hundred Twenty-Eight Dollars each week for spread-of-hours compensation, for a total of **1,228.50** ($13.50 x 7 days x 13 weeks).

94.     From on or about December 26, 2019 to December 31, 2019, Plaintiff BENCOSNE worked for Defendants six (6) days. Accordingly, Plaintiff BENCOSNE worked sixty-six (66) hours

and 11 hours per day.

95.  However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the twenty-six (26) hours of overtime that she worked that week. However, although Defendants required Plaintiff BENCOSNE to work sixty-six (66) hours  that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours that week, in violation of the FLSA and the NYLL.

96.  From December 26, 2019 to December 31, 2019, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $13.50 and twenty-six (26) hours at her overtime hourly rate of $20.25 for a total of One Thousand Sixty-Six Dollars and Fifty Cents ($1066.50), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Eighty Dollars ($380.00).

97.  Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENCOSNE approximately Six Hundred Eighty-Six Dollars and Fifty Cents ($686.50) in wages that week, for the total of **$686.50** ($686.50 x 1 weeks).

98.  In addition, Defendants violated the NYLL by denying Plaintiff approximately Eighty-One Dollars that week for spread-of-hours, for a total of **$81.00** ($13.50 x 6 days x 1 week).

99.  During the 2019 period, Plaintiff worked approximately fifteen (15) weeks.

100. Thus, Plaintiff is owed approximately **$14,543.25** ($13,157.25+$1,386.00) for the 2019 period.

101. From on or about January 2, 2020 to December 27, 2020 ("the 2020 period"), Plaintiff worked

thirty-five (35) weeks for Defendants.

102. From January 2, 2020 to January 7, 2020 (1 week), Plaintiff BENCOSNE worked for Defendants six (6) days from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE worked sixty-six (66) hours and 11 hours per day.

103. However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the twenty-six (26) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work sixty-six (66) hours that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

104. From January 2, 2020 to January 7, 2020, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and twenty-six (26) hours at her overtime hourly rate of $22.50 for a total of One Thousand One Hundred Eighty-Five Dollars ($1185.00), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Eighty Dollars ($380.00).

105. Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Eight Hundred Five Dollars ($805.00) in wages that week, for the total of **$805.00** ($805.00 x 1 weeks).

106. In addition, Defendants violated the NYLL by denying Plaintiff approximately Ninety Dollars that week for spread-of-hours, for a total of **$90.00** ($15.00 x 6 days x 1 week).

107. From January 8, 2020 to March 10, 2020 (9 weeks), Plaintiff BENCOSNE worked for

Defendants seven (7) days a week from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE worked seventy-seven (77) hours per week and 11 hours per day.

108.   However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirty-seven (37) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work seventy-seven (77) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

109.   From January 8, 2020 to March 10, 2020, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and thirty-seven (37) hours at her overtime hourly rate of $22.50 for a total of One Thousand Four Hundred Thirty-Two Dollars and Fifty Cents ($1432.50), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Eighty Dollars ($380.00).

110.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENCOSNE approximately One Thousand Fifty-Two Dollars and Fifty Cents ($1052.50) in wages each week, for the total of **$9,472.50** ($1052.50 x 9 weeks).

111.   In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately One Hundred Five Dollars each week for spread-of-hours, for a total of **$945.00** ($15.00 x 7 days x 9 weeks).

112.   From March 11, 2020 to March 15, 2020 (1 week), Plaintiff BENCOSNE worked for Defendants five (5) days from 3:00 AM to 2:00 PM. Accordingly, Plaintiff BENCOSNE

worked fifty-five (55) hours and 11 hours per day.

113.    However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the fifteen (15) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work fifty-five (55) hours that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

114.    From March 11, 2020 to March 15, 2020, at the end of the work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and fifteen (15) hours at her overtime hourly rate of $22.50 for a total of Nine Hundred Thirty Seven Dollars and Fifty Cents ($937.50), Defendants instead paid Plaintiff BENSCOSNE Two Hundred Eighty Dollars ($280.00).

115.    Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Six Hundred Fifty Seven Dollars and Fifty Cents ($657.50) in wages that week, for the total of **$657.50** ($657.50 x 1 weeks).

116.    In addition, Defendants violated the NYLL by denying Plaintiff approximately Seventy-Five Dollars that week for spread-of-hours, for a total of **$75.00** ($15.00 x 5 days x 1 week).

117.    From July 15, 2020 to July 28, 2020 (2 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week from 10:00 AM to 10:00 PM. Accordingly, Plaintiff BENCOSNE worked eighty-four (84) hours per week and twelve (12) hours per day.

118.    However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage

rate for all hours worked up to forty-four (44) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the forty-four (44) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work eighty-four (84) hours that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

119. From July 15, 2020 to July 28, 2020, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and forty-four (44) hours at her overtime hourly rate of $22.50 for a total of One Thousand Five Hundred Ninety Dollars ($1590.00), Defendants instead **failed to pay** paid Plaintiff BENSCOSNE.

120. Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately One Thousand Five Hundred Ninety Dollars ($1590.00) in wages each week, for the total of **$3,180.00** ($1590.00 x 2 weeks).

121. In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately One Hundred Five Dollars each week for spread-of-hours, for a total of **$210.00** ($15.00 x 7 days x 2 weeks).

122. From July 29, 2020 to August 18, 2020 (3 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week from 3:00 PM to 6:00 AM. Accordingly, Plaintiff BENCOSNE worked one hundred five hours (105) hours per week and 15 hours per day.

123. However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly

rate for the sixty-five (65) hours of overtime that she worked each week. However, although
Defendants required Plaintiff BENCOSNE to one hundred five hours (105) hours each week,
Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times
her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in
violation of the FLSA and the NYLL.

124.   From July 29, 2020 to August 18, 2020, at the end of each work week, rather than paying
Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and sixty-
five (65) hours at her overtime hourly rate of $22.50 for a total of Two Thousand Sixty-Two
Dollars and Fifty Cents ($2062.50), Defendants instead paid Plaintiff BENSCOSNE One
Hundred Eighty Dollars ($180.00).

125.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE
approximately One Thousand Eight Hundred Eighty-Two Dollars and Fifty Cents ($1882.50)
in wages each week, for the total of **$5,647.50** ($1882.50 x 3 weeks).

126.   In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the
NYLL by denying Plaintiff approximately One Hundred Five Dollars each week for spread-
of-hours, for a total of **$315.00** ($15.00 x 7 days x 3 weeks).

127.   From on or about August 19, 2020 to September 1, 2020 (2 weeks), Plaintiff BENCOSNE
worked for Defendants seven (7) days a week from 3:00 PM to 6:00 AM. Accordingly,
Plaintiff BENCOSNE worked one hundred five hours (105) hours per week and 15 hours per
day.

128.   However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage
rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE
was a non-exempt employee, she should have been paid time-and-a-half her regular hourly

rate for the sixty-five (65) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to one hundred five hours (105) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

129.   From August 19, 2020 to September 1, 2020, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and sixty-five (65) hours at her overtime hourly rate of $22.50 for a total of Two Thousand Sixty-Two Dollars and Fifty Cents ($2062.50), Defendants instead paid Plaintiff BENSCOSNE Two Hundred Eighty Dollars ($280.00).

130.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately One Thousand Seven Hundred Eighty-Two Dollars and Fifty Cents ($1782.50) in wages each week, for the total of **$3,565.00** ($1782.50 x 2 weeks).

131.   In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately One Hundred Five Dollars each week for spread-of-hours, for a total of **$210.00** ($15.00 x 7 days x 2 weeks).

132.   From on or about September 2, 2020 to November 3, 2020 (9 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week from 8:00 PM to 1:00 PM and seventeen (17) hours per day. Accordingly, Plaintiff BENCOSNE worked one hundred nineteen (119) hours per week.

133.   However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly

rate for the seventy-nine (79) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work one hundred nineteen (119) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

134. From September 2, 2020 to November 3, 2020, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and seventy-nine (79) hours at her overtime hourly rate of $22.50 for a total of Two Thousand Three Hundred Seventy-Seven Dollars and Fifty Cents ($2377.50), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Eighty Dollars ($380.00).

135. Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Seventeen Thousand Nine Hundred Ninety-Seven Dollars and Fifty Cents ($1997.50) in wages each week, for the total of **$17,977.50** ($1997.50 x 9 weeks).

136. In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately One Hundred Five Dollars each week for spread-of-hours, for a total of **$945.00** ($15.00 x 7 days x 9 weeks).

137. From on or about November 4, 2020 to December 15, 2020 (6 weeks), Plaintiff BENCOSNE worked for Defendants seven (7) days a week. Specifically, Plaintiff worked Wednesday, Friday, Saturday, and Sunday from 1:00 AM to 1:00 PM and Monday, Tuesday and Thursday from 8:00 PM to 1:00 PM. Accordingly, Plaintiff BENCOSNE worked ninety-nine (99) hours per week and more than ten (10) hours per day.

138. However, Defendants consistently failed to pay Plaintiff BENCOSNE at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff BENCOSNE

was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the fifty-nine (59) hours of overtime that she worked each week. However, although Defendants required Plaintiff BENCOSNE to work ninety-nine (99) hours each week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

139.   From November 4, 2020 to December 15, 2020, at the end of each work week, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and fifty-nine (59) hours at her overtime hourly rate of $22.50 for a total of One Thousand Nine Hundred Twenty-Seven Dollars and Fifty Cents ($1927.50), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Eighty Dollars ($380.00).

140.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately One Thousand Five Hundred Forty-Seven Dollars and Fifty Cents ($1547.50) in wages each week, for the total of **$9,285.50** ($1547.50 x 6 weeks).

141.   In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately One Hundred Five Dollars each week for spread-of-hours, for a total of **$630.00** ($15.00 x 7 days x 6 weeks).

142.   From on or about December 23, 2020 to December 27, 2020 (1 week), Plaintiff BENCOSNE worked for Defendants four (4) days that week. Specifically, Plaintiff worked Wednesday, Saturday, and Sunday from 1:00 AM to 1:00 PM and Thursday from 8:00 PM to 1:00 PM. Accordingly, Plaintiff BENCOSNE worked fifty-three (53) hours that week and more than ten (10) hours per day.

143.   However, Defendants failed to pay Plaintiff BENCOSNE at the minimum wage rate for all

hours worked up to forty (40) hours that week. Further, as Plaintiff BENCOSNE was a non-exempt employee, she should have been paid time-and-a-half her regular hourly rate for the thirteen (13) hours of overtime that she worked that week. However, although Defendants required Plaintiff BENCOSNE to work fifty-three (53) hours that week, Defendants failed to compensate Plaintiff BENSCOSNE at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

144.   December 23, 2020 to December 27, 2020, rather than paying Plaintiff BENSCOSNE for forty (40) hours at the minimum hourly wage rate of $15 and thirteen (13) hours at her overtime hourly rate of $22.50 for a total of Eight Hundred Ninety-Two Dollars and Fifty Cents ($892.50), Defendants instead paid Plaintiff BENSCOSNE Three Hundred Thirty Dollars ($330.00).

145.   Thus, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff BENSCOSNE approximately Five Hundred Sixty-Two Dollars and Fifty Cents ($562.50) in wages each week, for the total of **$562.50** ($562.50 x 1 week).

146.   In addition, because Plaintiff worked more than 10 hours every day, Defendants violated the NYLL by denying Plaintiff approximately Sixty Dollars that week for spread-of-hours, for a total of **$60.00** ($15.00 x 4 days x 1 week).

147.   Plaintiff worked approximately thirty-five (35) weeks during the 2020 period.

148.   Thus, Plaintiff is owed approximately **$54,070.50** ($50,590.50 + $3,480.00) for the 2020 period.

149.   On or about December 28, 2020, Plaintiff BENCOSNE took a leave of absence due to a work-related injury and has not returned since that time.

150. As a result, due to Defendants' blatant violations of the NYLL and the FLSA, Plaintiff BENCOSNE is owed a total of **$82,621.75** in **unpaid wages** and of **$6,666.00** in **spread-of-hours** compensation for all work performed for Defendants.

151. Thus, Plaintiff BENCOSNE is owed a total of **$89,287.75** for all work performed for Defendants.

152. Furthermore, Defendants did not provide Plaintiff BENCOSNE with any sort of written notice regarding: her regular rate of pay, overtime rate of pay, how she was to be paid, her "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor allowances taken as part of the minimum wage (including, inter alia, tips).

153. Plaintiff BENCOSNE has been damaged by Defendants' failure to pay her lawfully earned wages.

154. Defendants' failure to pay Plaintiff BENCOSNE her earned wages required by law was willful.

155. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff BENSCOSNE demands Liquidated Damages as against both Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE**

156. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

157. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for her employment.

158.    Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

159.    Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

160.    Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

**AS A SECOND CAUSE OF ACTION
VIOLATION OF NEW YORK LABOR LAW § 652(1)
<u>MINIMUM WAGE</u>**

161.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

162.    Plaintiff was an employee of Defendants within the meaning of the NYLL.

163.    Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

164.    Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

165.    Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

166.    On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

167.    Defendants' actions were willful.

168.    Defendants' failure to comply with the NYLL and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

**AS A THIRD CAUSE OF ACTION
VIOLATION OF THE FAIR LABOR STANDARDS ACT
<u>OVERTIME</u>**

169.    Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more

fully set forth herein at length.

170.   Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for her employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

171.   Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201, *et seq.*, and its implementing regulations.

172.   Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207.

173.   Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

174.   Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

**AS A FOURTH CAUSE OF ACTION
VIOLATION OF NEW YORK LABOR LAW
<u>OVERTIME</u>**

175.   Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

176.   Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

177.   Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

178.   Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

179.   Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

180.   Defendants' failure to pay proper overtime wages is willful.

181.   Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her

unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**WAGE NOTICE REQUIREMENT**

182.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

183.  The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

184.  Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

185.  Defendants not only did not provide notice to Plaintiff at time of hire, but failed to provide notice to Plaintiff even after the fact.

186.  Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur,

up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

**AS A SIXTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**<u>NEW YORK PAYSTUB REQUIREMENT</u>**

187.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint as if same were set forth herein fully at length.

188.    The NYLL and supporting regulations require employers to provide detailed paystub

information to employees every payday. NYLL §195-1(d).

189.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to

compensation of Plaintiff and did not provide a paystub on or after Plaintiff's payday.

190.    Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants,

jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff

together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

**AS A SEVENTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**<u>SPREAD OF HOURS LAW</u>**

191.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint as if same were set forth herein fully at length.

192.    12 NYCRR § 142-2.4 requires that an "employee shall receive one hour's pay at the minimum

hourly wage rate, in addition to the minimum wage required in this part for any day in which

… the spread of hours exceeds 10 hours [in a day]."

193.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to

spread-of-hours compensation of Plaintiff and did not Plaintiff with an additional hour's pay

when she worked more than 10 hours a day.

194.    Defendants have violated Plaintiff's rights to spread-of-hours compensation under Title 12

NYCRR 142-2.4 by failing to pay Plaintiff an additional hour's pay when she worked more than 10 hours a day.

195.    Defendants' failure to comply with the spread-of-hours requirements has caused Plaintiff to suffer loss of wages and interest thereon.

196.    Defendants' failure to pay proper spread-of-hours compensation is willful.

197.    Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff her earned wages;

B.    Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and paystubs;

C.    Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

D.    Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and paystubs as required under the NYLL;

E.    Awarding damages to Plaintiff for all spread of hour wages due under the NYLL;

F.    Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

G.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and;

H.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated:  Brooklyn, NY
        February 24, 2022

                                            **LAW OFFICE OF YURIY MOSHES, P.C.**

                           By:     //s/ J. Maldonado
                                            Jessenia Maldonado, Esq.
                                            Junou Odige, Esq.
                                            *Attorneys for Plaintiff*
                                            517 Brighton Beach Ave, 2nd Floor
                                            Brooklyn, New York 11235
                                            Tel: (718) 504-6090
                                            jmaldonado@mosheslaw.com
                                            jodige@mosheslaw.com