UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESPERANZA BENCOSNE,

                          Plaintiff,

              -v-

BEAUTIFUL PARADISE
RESTAURANT CORP., et al.,

                        Defendants.

**ORDER**

22-cv-1567 (PGG) (SN)

---

PAUL G. GARDEPHE, U.S.D.J.:

          Plaintiff Esperanza Bencosne – a former chef at Beautiful Paradise Restaurant Corp. ("Beautiful Paradise") – brings this action against Defendants Beautiful Paradise, Maribella Paradise Restaurant Corp., and Victor Peguero Solano, alleging failure to pay her minimum, overtime and spread-of-hours pay under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law ("NYLL").

          The Complaint was filed on February 25, 2022 (Cmplt. (Dkt. No. 1)), and Defendants Beautiful Paradise and Maribella Paradise were served on March 16, 2022. (Dkt. Nos. 8-9) Defendant Victor Peguero Solano was served on March 28, 2022. (Dkt. No. 10) Defendants have not appeared in this action.

          In a December 7, 2022 order to show cause, this Court directed Defendants to demonstrate why Plaintiff's motion for a default judgment should not be granted. (Dkt. No. 34) Plaintiff served the order to show cause on Defendants on December 14, 2022 and December 15, 2022. (Dks. Nos. 41, 43-44) Defendants did not file an opposition to the motion for a default judgment and did not appear at the January 6, 2023 show-cause hearing.

On January 6, 2023, this Court entered an order of default against all Defendants and referred the matter to Magistrate Judge Netburn for a Report and Recommendation ("R&R"). (Dkt. No. 46 at 2) On January 11, 2023, Judge Netburn ordered Plaintiff to submit Proposed Findings of Fact and Conclusions of Law, which Plaintiff submitted on February 17, 2023. (Dks. Nos. 47, 51) Defendants did not respond.

On March 18, 2024, Judge Netburn issued an R&R recommending that this Court award Plaintiff damages for failing to pay Plaintiff overtime pay, minimum wages, and spread-of-hours pay. (Dkt. No. 55) No party has filed objections to the R&R.

For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

Plaintiff worked as a cook for Defendants from December 20, 2017 to December 28, 2020. (Cmplt. (Dkt. No. 1) ¶¶ 16, 149) Defendants did not pay Plaintiff at the legally required minimum hourly and overtime rates under the FLSA and NYLL. (Id. ¶¶ 24-151) Defendants also did not (1) pay Plaintiff a spread-of-hours premium for days in which she worked more than ten hours; or (2) provide Plaintiff with proper wage notices and wage statements. (Id. ¶¶ 150-52)

Plaintiff seeks damages for (1) unpaid minimum wage and overtime compensation; (2) unpaid spread-of-hours pay; and (3) failure to provide wage notices and wage statements. (Id. at 32) Plaintiff also seeks liquidated damages, pre-judgment interest, and an award of attorneys' fees and costs. (Id.)

## DISCUSSION

**I.     LEGAL STANDARDS**

    **A.     Review of a Magistrate Judge's Report & Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Inv. Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "the district court on [review of] the entire evidence is left with the definite and firm conviction that a mistake has been committed." Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007) (quotation marks omitted).

    **B.     Default Judgment**

"It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted). Accordingly, here all of Plaintiff's well-pleaded factual allegations are accepted as true, except those relating to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d. Cir. 1993); see also Singh v. Meadow Hill Mobile Inc., 2021 WL 4312673, at *3 (S.D.N.Y. Aug. 9, 2021), adopted, 2021 WL 3862665 (S.D.N.Y. Aug. 29, 2021) ("Upon the default of a party, a court must accept as true all of the factual allegations of the complaint except those relating to damages, and a plaintiff is entitled to all reasonable inferences from the evidence offered[.]")

## II.    THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In her 26-page R&R, Judge Netburn recommends that this Court award Plaintiff a total of $181,793.50 in damages for minimum wage, overtime, and spread-of-hours pay violations under the FLSA and NYLL.  (R&R (Dkt. No. 55) at 1, 26)

### A.    Statutory Coverage

"To establish a claim under the FLSA, the plaintiff must first show that, '(1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an "employee" within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA.'"  Pelgrift v. 335 W. 41st Tavern Inc., No. 14-cv-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017) (quoting Jiaren Wei v. Lingtou Zhengs Corp., No. 13-cv-5164 (FB)(CLP), 2015 WL 739943, at *5 (E.D.N.Y. Feb. 20, 2015)).

After setting forth this standard, Judge Netburn concludes that the well-pleaded factual allegations in the Complaint support a finding that Defendants are engaged in interstate commerce, that Plaintiff was employed by all three Defendants, and that the employment relationship is not exempted from the FLSA.  (R&R (Dkt. No. 55) at 4-6)  This Court finds no error in Judge Netburn's analysis.

The Complaint alleges that "Defendants were engaged in interstate commerce . . . [and] had and have an annual gross volume of sales of not less than $500,000.00." (Cmplt. (Dkt. No. 1) ¶ 14)  The Complaint further alleges that Defendant Solano was the owner and Chief Executive Officer of Defendant Maribella Paradise, and that Defendant Solano "exercised the power to hire, fire, and control the wages and working conditions of the Plaintiff." (Id. ¶ 11); Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984) (setting forth the "economic reality" test for determining whether an employment relationship exists under the

4

FLSA); Pelgrift, 2017 WL 4712482 at *7 (finding that each plaintiff was an "employee" within the meaning of the FLSA where defendant-company had "supervisory authority over Plaintiffs, including the authority to hire and fire them" and authority to "establish . . . their schedules and rate of pay"). And Plaintiff, a cook, was a non-exempt employee of Defendants for the relevant period. See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 32 (E.D.N.Y. 2015) ("[J]obs as waiter, kitchen helper/food preparer, cook and dishwasher all constitute non-exempt employment under the FLSA.").

Judge Netburn correctly concludes that Plaintiff's claims are covered by the FLSA. And because the test for statutory coverage is not meaningfully different under the NYLL, Defendant are likewise liable under the Labor Law. (R&R (Dkt. No. 55) at 3-6); see Pelgrift, 2017 WL 4712482, at *7-8.

  **B.**  **Alleged FLSA & NYLL Violations**

Under both the FLSA and NYLL, an employer may not pay an employee less than the statutory minimum wage for each hour the employee worked in any week. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). Under both statutes, an employer also must pay an overtime premium at "not less than one and one-half times the regular rate at which the employee is employed" for any hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. An employer who fails to pay minimum wage or overtime compensation "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1) (providing for recovery of any underpayments as well as, in the absence of good faith by the employer, an "additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due").

Plaintiff bears the burden of demonstrating that she was not properly compensated for minimum wage and overtime. See Grochowski v. Phoenix Const., 318 F.3d 80, 87 (2d Cir. 2003). "In the context of a default and where Plaintiffs lack access to the employment records necessary to prove they were not properly compensated, Plaintiffs may 'meet [their] burden of proof by relying on recollection alone.'" De Los Santos v. Marte Constr., Inc., No. 18CV10748 (PAE) (KHP), 2020 WL 8549054, at *5 (S.D.N.Y. Nov. 25, 2020), adopted 2020 WL 8549055 (S.D.N.Y. Dec. 17, 2020) (quoting Elisama v. Ghzali Gourmet Deli Inc., No. 14CV8333 (PGG) (DF), 2016 WL 11523365, at *4 (S.D.N.Y. Nov. 7, 2016)) (alteration in original).

Here, the Complaint includes specific allegations about the number of hours Plaintiff worked and during what time periods. These figures and dates are set forth in the Complaint (see Cmplt. (Dkt. No. 1) ¶¶ 23-151) and are summarized in a chart set forth in the R&R and re-printed below:

Table 1: Plaintiff's Regular Rate of Pay Compared to New York Minimum Wage

| Period | Hours Worked Per Week | Weekly Pay | Regular Rate of Pay | Minimum Wage |
|---|---|---|---|---|
| Dec. 20, 2017 to Dec. 31, 2017 | 60 | $370 | $9.25 | $10.50 |
| Jan. 1, 2018 to Mar. 10, 2018 | 60 | $360 | $9.00 | $12.00 |
| Mar. 31, 2018 to May 25, 2018 | 66 | $588 | $14.70 | $12.00 |
| May 26, 2018 to June 29, 2018 | 77 | $430 | $10.75 | $12.00 |
| July 7, 2018 to July 13, 2018 | 77 | $430 | $10.75 | $12.00 |
| July 14, 2018 to July 20, 2018 | 74 | $370 | $9.25 | $12.00 |
| July 21, 2018 to July 28, 2018 | 77 | $430 | $10.75 | $12.00 |
| July 28, 2018 to Aug. 3, 2018 | 69 | $430 | $10.75 | $12.00 |

| Aug. 4, 2018 to Sept. 6, 2018 | 77 | $430 | $10.75 | $12.00 |
| Sept. 8, 2018 to Sept. 13, 2018 | 66 | $370 | $9.25 | $12.00 |
| Sept. 20, 2019 to Sept. 24, 2019 | 42 | $280 | $7.00 | $13.50 |
| Sept. 25, 2019 to Dec. 24, 2019 | 77 | $380 | $9.50 | $13.50 |
| Dec. 26, 2019 to Dec. 31, 2019 | 66 | $380 | $9.50 | $13.50 |
| Jan. 2, 2020 to Jan. 7, 2020 | 66 | $380 | $9.50 | $15.00 |
| Jan. 8, 2020 to Mar. 10, 2020 | 77 | $380 | $9.50 | $15.00 |
| Mar. 11, 2020 to Mar. 15, 2020 | 55 | $280 | $7.00 | $15.00 |
| July 15, 2020 to July 28, 2020 | 84 | $0 | $0.00 | $15.00 |
| July 29, 2020 to Aug. 18, 2020 | 105 | $180 | $4.50 | $15.00 |
| Aug. 19, 2020 to Sept. 1, 2020 | 105 | $280 | $7.00 | $15.00 |
| Sept. 2, 2020 to Nov. 3, 2020 | 119 | $380 | $9.50 | $15.00 |
| Nov. 4, 2020 to Dec. 15, 2020 | 99 | $380 | $9.50 | $15.00 |
| Dec. 23, 2020 to Dec. 27, 2020 | 53 | $330 | $8.25 | $15.00 |

(R&R (Dkt. No. 55) at 8-9)[1]

As shown in the chart, Defendants "consistently failed to pay Plaintiff Bencosne at the minimum wage rate for all hours worked up to forty (40) hours per week . . . [and] for the twenty (20) [or more] hours of overtime that she worked each week." (Cmplt. ¶ 25). This level of detail suffices to meet Plaintiff's burden in light of Defendants' default. See Zeng Liu v. Jen Chu Fashion Corp., 00 Civ. 4221 (RJH) (AJP), 2004 WL 33412, at *1, *3-4 (S.D.N.Y. Jan. 7,

---

[1] As set forth in the last column in the chart, the minimum hourly wage for employers with 10 or less employees in New York City was $10.50 in 2017, $12.00 in 2018, $13.50 in 2019, and $15.00 in 2020. See N.Y.C.R.R. § 146-1.2(a)(1)(i)(b).

7

2004) (given defendant's default, allegations that "[p]laintiffs worked for defendants generally seven days a week . . . eleven hours a day during the weekdays and ten and eight hours a day on Saturday and Sunday" suffice to allege FLSA and NYLL minimum wage and overtime violations).

### C.   Spread-of-Hours Compensation

"The spread of hours is the length of the interval between the beginning and end of an employee's workday." N.Y.C.R.R. § 146.1-6.  When the spread of hours for a given workday is greater than ten, an employee is entitled to "one additional hour of pay at the basic minimum hourly rate." (Id.)  The additional hour of pay is not included in the regular rate of pay when calculating overtime wages, because it "is not payment for time worked or work performed." (Id.)

Judge Netburn concludes that Defendants Beautiful Paradise and Maribella Paradise are covered by the spread-of-hours regulation, which "appl[ies] to employers that are restaurants." (R&R (Dkt. No. 55) at 10-11 (quotations omitted); see also N.Y.C.R.R. § 146-3.1(b))  She also finds that the Complaint adequately alleges that Plaintiff worked shifts exceeding ten hours per day during certain periods between 2018 and 2020.  (R&R (Dkt. No. 55) at 10-11); see Cmplt. (Dkt. No. 1) ¶¶ 41, 46, 57, 67, 72, 88-89, 94, 102, 107, 112, 117, 122, 127, 132, 137, 142)

This Court finds no clear error in Judge Netburn's determination that Defendants are liable for their failure to pay Plaintiff the required spread-of-hours pay.

### D.   Wage Notice, Wage Statements, and Record-Keeping Requirements

Plaintiff also alleges that Defendants did not provide her with the wage notice required under the Wage Theft Prevention Act, codified at N.Y. Lab. Law §§ 195(1)(a), 198. Under the Act, employers must provide employees with a notice at the time of hiring that sets

8

forth, inter alia, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [and] allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances." N.Y. Lab. Law § 195(1)(a). Moreover, N.Y. Lab. Law § 195(3) requires employers to provide wage statement information "with every payment of wages." N.Y. Lab. Law § 195(3). Where an employer has not complied with these provisions, the employer is liable for damages for each instance that the "violations occurred or continued to occur." N.Y. Lab. Law § 198(1-b).

Judge Netburn recommends that Plaintiff's wage notice and wage statement claims be denied, finding that she lacks Article III standing to assert these claims. (R&R (Dkt. No. 55) at 11-13)

As a general matter, "Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 62 (2d Cir. 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61, (1992)). The Supreme Court has "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" TransUnion v. Ramirez, 594 U.S. 413, 426 (2021) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016)). Instead, "a plaintiff has standing to bring a claim for monetary damages following a statutory violation only when he can show a current or past harm beyond the statutory violation itself." Harty v. W. Point Realty, Inc., 28 F.4th 435, 443 (2d Cir. 2022) (citing TransUnion, 594 U.S. at 424-30).

And in <u>Guthrie v. Rainbow Fencing Inc.</u>, 113 F.4th 300 (2d Cir. 2024), the Second Circuit explained – in the context of NYLL wage notice and wage statement claims – that

> a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm. . . . [U]nless the plaintiff-employee can show that he or she would have . . . avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195.

<u>Guthrie</u>, 113 F.4th at 308 (finding that plaintiff had not satisfied the injury-in-fact requirement of <u>TransUnion</u> where he had "identified potential harms that <u>could</u> result from an employer's failure to provide wage notices and wage statements," but had not alleged that he actually suffered those harms) (emphasis in original).

And while

> [a] plaintiff-employee <u>may</u> have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion[,] . . . the plaintiff-employee cannot "assume[ ] [t]his conclusion without analysis" or rely on "speculation and conjecture." Rather, the plaintiff-employee must support a plausible "theory as to <u>how</u> he was injured by [the] defendants' failure to provide the required documents." <u>Id</u>.

<u>Id.</u> at 309 (quoting <u>Quieju v. La Jugueria Inc.</u>, 2023 WL 3073518, at *2 (E.D.N.Y. April 25, 2023) (emphasis in <u>Quieju</u>).

Here, the Complaint alleges only that (1) "Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL § 195" both "at time of hire" and "after [hiring]" (Cmplt. (Dkt. No. 1) ¶¶ 184-85); and (2) "[d]ue to Defendants' violations of [the] NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL." (<u>Id.</u> ¶ 186)  The Complaint thus alleges no "concrete downstream harm"

10

caused by the lack of notice beyond the statutory violation itself. See Guthrie, 113 F.4th at 310-11.

In recommending that Plaintiff's wage notice and wage statement claims be dismissed, Judge Netburn finds that "Plaintiff fails to allege an injury in fact sufficient to confer standing and [fails to] demonstrate[] how her lack of notice resulted in an injury greater than Defendants' minimum wage, overtime, and spread-of-hours wage violations." (R&R (Dkt. No. 55) at 11-12)  This Court finds no error in Judge Netburn's analysis.  Accordingly, Plaintiff's wage notice and wage statement claims will be dismissed.

E. **Damages**

In her R&R, Judge Netburn recommends that the Court award judgment in favor of Plaintiff and against Defendants in the following amounts:  (1) $13,860 in unpaid minimum wages; (2) $68,973.75 in unpaid overtime wages; (3) $6,630 in spread-of-hours pay; (4) $89,463.75 in liquidated damages for unpaid minimum wage, overtime pay, and spread-of-hours pay; (5) $45,707 in pre-judgment interest, accruing from June 24, 2019 through the date of judgment, at the rate of 9% on actual damages; (6) $2,464 in attorneys' fees; and (7) $402 in costs.  Judge Netburn further recommends that Plaintiff be granted post-judgment interest between the date judgment is entered and the date Defendants pay the judgment amount. (R&R (Dkt. No. 55) at 12-26)

1. **Unpaid Minimum Wage and Overtime Pay**

"Once liability has been established, a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty." Newman v. ASA Coll., Inc., No. 23 CIV. 3503 (KPF) (RWL), 2024 WL 4579478, at *6 (S.D.N.Y. Oct. 24, 2024).  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty

11

Corp., 973 F.2d 155, 158 (2d Cir 1992). A court has discretion, however, to conduct a damages inquest "on the papers, without an evidentiary hearing, where there is a sufficient basis on which to calculate damages." Newman, 2024 WL 4579478, at *6.

Here, the Complaint "set[s] forth the days and hours [Plaintiff] worked for Defendants and the pay that Defendants gave Plaintiffs as compensation for that work." Fermin, 93 F. Supp. 3d at 43. From these "reasonably specific allegations," an appropriate damages award can be calculated with reasonable certainty. See id. ("[B]y defaulting, Defendants have not contradicted Plaintiffs' reasonably specific allegations and credible affidavits, which sufficiently set forth the days and hours they worked for Defendants and the pay that Defendants gave Plaintiffs as compensation for that work."); see also Newman, 2024 WL 4579478, at *6.

Accordingly, this Court agrees with Judge Netburn that Plaintiff's minimum wage, overtime, and spread-of-hours damages can be accurately calculated, and it further finds no error in Judge Netburn's calculations concerning these damages.

### 2.     **Liquidated Damages**

Judge Netburn finds that Plaintiff is entitled to liquidated damages in connection with her claims for unpaid minimum wage, overtime pay, and spread-of-hours pay. (R&R (Dkt. No. 5) at 20-21) Both the FLSA and the NYLL provide that a plaintiff who is owed minimum wages or overtime pay may recover an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). Liquidated damages may also be assessed for spread-of-hours pay. See Reyes v. Cafe Cousina Rest. Inc., No. 18-cv-1873 (PAE)(DF), 2019 WL 5722475, at *6, *11-12 (S.D.N.Y. Aug. 27, 2019) (awarding liquidated damages for unpaid spread-of-hours pay).

A court may reduce or deny liquidated damages where "the employer demonstrates that it acted in good faith and had a reasonable basis for believing that it had not

violated the FLSA [or Labor Law]." Id. (citing 29 U.S.C. § 216(b)); see also N.Y. Lab. Law § 198(1-a). "[B]y failing to appear in this action, [however,] Defendants are deemed to have acted willfully." Newman, 2024 WL 4579478, at *11; see also Xocheritl v. Pita Grill of Hell's Kitchen, Inc., No. 14-cv-10234 (JGK)(JLC), 2016 WL 4704917, at *15 (Sept. 8, 2016), adopted, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) ("Courts deem defendants' actions willful where they have defaulted. . . . [C]onsequently, such defaulting defendants will have obviously made no showing of good faith." (internal quotations and citations omitted)).

Accordingly, this Court agrees with Judge Netburn that Plaintiff is entitled to an award of $89,463.75 in liquidated damages, representing 100% of her unpaid minimum wages, overtime pay, and spread-of-hours pay.

### 3. Pre-Judgment Interest

Judge Netburn also recommends that Plaintiff be awarded pre-judgment interest. (R&R (Dkt. No. 55) at 21) "[A] plaintiff who recovers liquidated damages under the NYLL is also entitled to prejudgment interest." Reyes, 2019 WL 5722475, at *7, adopted, 2019 WL 5722109 (but noting that a plaintiff "is not also entitled to prejudgment interest on his or her FLSA damages"). Under New York Law, pre-judgment interest is available only on actual damages, not on liquidated damages. See N.Y. Lab. Law § 198(1-a); Underwood v. TAFSC Hous. Dev. Fund Corp., No. 18-cv-6664 (JPO), 2019 WL 5485211, at *5 (S.D.N.Y. Oct. 25, 2019) (citing Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999)).

Accordingly, this Court agrees with Judge Netburn that Plaintiff is entitled to pre-judgment interest on her unpaid minimum wage, overtime pay, and spread-of-hours pay damage awards, beginning on June 24, 2019, and continuing until judgment is entered, at a rate of 9% per annum. (See R&R (Dkt. No. 55) at 22)

### 4. Post-Judgment Interest

Judge Netburn recommends that Plaintiff be granted post-judgment interest, even though Plaintiff has not requested this relief. (Id. at 22; see Cmplt. (Dkt. No. 1) at 32) "[A]n award of post-judgment interest is mandatory in any civil case where money damages are recovered." Fermin, 93 F. Supp. 3d at 53; see generally Begum v. Ariba Disc., Inc., No. 12 Civ. 6620(DLC), 2015 WL 223780, at *8 (S.D.N.Y. Jan. 16, 2015) (awarding post-judgment interest in a FLSA and NYLL wage-and-hour case). This Court finds no error in Judge Netburn's analysis.

Accordingly, Plaintiff is awarded post-judgment interest at the rate set forth in 28 U.S.C. § 1961, running from the date the Clerk of Court enters judgment until the date the judgment is paid. See Fermin, 93 F. Supp. 3d at 53.

### 5. Attorneys' Fee Award

Judge Netburn recommends that this Court award $2,464.00 in attorneys' fees, in connection with 19.8 hours of attorney and paralegal work on this case. (R&R (Dkt. No. 55) at 22-25)

Plaintiff utilized two attorneys in this case. Marjorie Mesidor – who has been practicing law for about seventeen years – requests an hourly rate of $375 for .2 hours of work. (Prop. Findings of Fact & Concl. of Law (Dkt. No. 51) ¶¶ 59, 62) Joshua Friedman – who has been practicing law for more than ten years – requests an hourly rate of $295 for 2.2 hours of work. (Id. ¶¶ 60, 62) This Court agrees that both proposed billing rates are reasonable.

"'Courts in this District have . . . determined that a reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour.'" Wan v. YWL USA Inc., No. 18-cv-10334 (CS), 2021 WL 1905036, at *5 (S.D.N.Y. May 12, 2021) (quoting Lin v. La Vie En Schezuan Rest. Corp., No. 15-CV-9507, 2020 WL

14

1819941, at *3 (S.D.N.Y. Apr. 9, 2020)) Given their experience, Ms. Mesidor and Mr. Friedman are entitled to billing rates within this range. See Sanchez v. Jyp Foods Inc., No. 16-CV-4472 (JLC), 2018 WL 4502008, at *15 (S.D.N.Y. Sept. 20, 2018) (collecting cases regarding litigators with one or more decades of experience); Mondragon v. Keff, No. 15CV2529JPOBCM, 2019 WL 2551536, at *13 (S.D.N.Y. May 31, 2019), adopted, No. 15-CV-2529 (JPO), 2019 WL 2544666 (S.D.N.Y. June 20, 2019) (awarding $350 hourly rate for an wage-and-hour lawyer with nearly two decades of experience).

Plaintiff also seeks an award for 6.6 hours of work performed by paralegals, at a rate of $100 per hour. (Prop. Findings of Fact & Concl. of Law (Dkt. No. 51) ¶ 62) "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." Inga v. Nesama Food Corp., No. 20-cv-0909 (ALC) (SLC), 2021 WL 3624666, at *14 (July 30, 2021), adopted, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021).

Plaintiff also requests an hourly rate of $100 for law clerks Dane Pierre and Ingrid Fernandez, who worked a total of 10.8 hours on this case. (Prop. Findings of Fact & Concl. of Law (Dkt. No. 51) ¶ 62) Mr. Pierre has about a year of experience in employment law, while Ms. Fernandez is a recent law school graduate. (Id. ¶ 61) This Court finds that an hourly rate of $100 for each of these law clerks is appropriate. See LG Cap. Funding, LLC v. 5Barz Int'l, Inc., No. 16-cv-2752, 2019 U.S. Dist. LEXIS 117399, at *4 (E.D.N.Y. July 15, 2019) ("In this District, law clerks are typically awarded fees at the same hourly rate as legal paraprofessionals, or paralegals.").

Accordingly, Plaintiff is awarded $2,464 in attorneys' fees in accordance with 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198(4).

### 6. <u>Costs</u>

The FLSA and the NYLL authorize an award of costs to the prevailing party. Recoverable costs include "'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" <u>Mendoza v. CGY & J Corp.</u>, No. 15-CV-9181 (RA), 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 2017) (quoting <u>Rhodes v. Davis</u>, No. 08-CV-9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015)). Expenses must be properly substantiated through invoices or receipts, and must be accompanied by "a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." <u>Rosales v. Gerasimos Enter. Inc.</u>, No. 16-CV-2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018).

Judge Netburn recommends that Plaintiff be awarded the $402 filing fee, but concludes that certain alleged postage and transcript costs should be denied due to a lack of corroborating receipts. (R&R (Dkt. No. 55) at 25) This Court finds no error in Judge Netburn's determination.

### CONCLUSION

The Court adopts Judge Netburn's R&R in its entirety. Accordingly, the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, on Plaintiff's FLSA and NYLL claims, as follows: (1) $13,860 in unpaid minimum wages; (2) $68,973.75 in unpaid overtime wages; (3) $6,630 in spread-of-hours pay; (4) $89,463.75 in liquidated damages in connection with Plaintiff's unpaid minimum wage, overtime, and spread-of-hours pay; (5) $45,707 in pre-judgment interest at the rate of 9%, accruing from June 24, 2019; (6) attorneys' fees in the amount of $2,464; and (7) $402 in costs. Plaintiff is also awarded post-judgment interest.

The Clerk of Court is further directed to close this case.

Dated: New York, New York
February 24, 2025

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge